MIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MILLER 3 & 37, LLC,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. C2:11-CV-0621 |
| v. : | |
| : | JUDGE ALGENON L. MARBLEY |
| **REVCO DISCOUNT DRUG** : | |
| **CENTERS, INC.,** : | Magistrate Judge Preston Deavers |
| : | |
| **Defendant.** : | |

**ORDER**

This matter is before the Court on the Defendant's Motion to Recover Plaintiff's Bond Posted Pursuant to Fed. R. Civ. P. 65(c) (Doc. 17). The Plaintiff posted a $500 bond as security for its motion for a temporary restraining order and preliminary injunction (Docs. 7 & 11). The Court granted the temporary restraining order on July 25, 2011 (Doc. 10), but denied the preliminary injunction on August 9, 2011 (Doc. 18).[1] On August 22, 2011, the Plaintiff filed a Notice of Voluntary Dismissal, which terminated the case (Doc. 19). The Defendant now seeks to recover the $500 bond.[2]

Federal Rule of Civil Procedure 65(c) provides that a court may only issue a temporary restraining order "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." In this case, the Court's granting of the temporary restraining order halted

---

[1] The Court ruled upon the temporary restraining order and the preliminary injunction orally at hearings on July 25, 2011, and August 9, 2011, respectively, but issued the written orders separately at later dates.

[2] The Plaintiff has not filed an opposition to the Defendant's motion.

Defendant's construction of its MinuteClinic from July 25, 2011, through August 9, 2011. The Court's denial of the preliminary injunction unquestionably shows that the Defendant was "wrongfully enjoined or restrained." *See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990) ("A party has been 'wrongfully enjoined' . . . if it is ultimately found that the enjoined party had at all times the right to do the enjoined act."); *Smith Wholesale Co. v. Philip Morris USA, Inc.*, No. 2:03-CV-221, 2008 U.S. Dist. LEXIS 48987, *7 (E.D. Tenn. June 25, 2008) (quoting *Blumenthal*). The Defendant is nevertheless not eligible for a recovery of the bond at this time because it has not proven its damages. *See Division No. 1, Brotherhood of Locomotive Engineers v. Consolidated Rail Corp.*, 844 F.2d 1218, 1225 (6th Cir. 1988) (holding that defendant may on remand "move the district court to recover its *costs and damages* arising from the wrongful injunction") (emphasis added); *Smith Wholesale Co.*, 2008 U.S. Dist. LEXIS 48987 at *7–8. The Defendant has merely asserted—without affidavits, a copy of the terms of the bond, or other supporting evidence—that its damages were in excess of $500. Although this is likely the case, the Court will not order judgment for the Defendant based on mere speculation.

      For the foregoing reasons, the Defendant's motion is **DENIED** without prejudice.

      **IT IS SO ORDERED.**

                                              s/Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **United States District Court Judge**

**DATE: September 7, 2011**